UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE MANUEL AQUIRRE-GANCEDA,<br><br>              Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | NO. CR-03-6016-EFS<br>[NO. CV-08-5003-EFS]<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

BEFORE THE COURT are Petitioner Jose Manuel Aquirre-Ganceda's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("petition") (Ct. Rec. 180) and Motion to Strike the Government's Second Substantive Response (Ct. Rec. 186). After reviewing the submitted material, the Court is fully informed and denies the petition and dismisses as moot the motion to strike. The reasons for the Court's Order are set forth below.

**I. Background**

Mr. Aquirre-Ganceda challenges his 2004 convictions, following jury trial, for conspiracy to distribute methamphetamine, distribution of methamphetamine, possession with intent to distribute methamphetamine, and endangering human life while illegally manufacturing or attempting to illegally manufacture a controlled substance. (Ct. Rec. 133.) On

ORDER ~ 1

August 18, 2004, the Court sentenced Mr. Aquirre-Ganceda to life imprisonment. (Ct. Rec. 151.)  The Ninth Circuit affirmed the jury verdict and the Court's sentence on May 5, 2006. (Ct. Rec. 174.)  Mr. Aquirre-Ganceda's Petition for Writ of Certiorari to the United States Supreme Court was denied on October 16, 2006, and his Petition for Rehearing from the Denial of Certiorari was denied on January 8, 2007.

## II. Discussion

**1. Legal Standard - 28 U.S.C. § 2255**

Title 28 of U.S.C. § 2255 allows a federal prisoner to attack a sentence on the grounds that it was imposed in violation of the federal constitution or law and/or that the court did not have jurisdiction to impose the sentence. 28 U.S.C. § 2255.  This relief, however, is restricted by a one-year statute of limitations.  Section 2255(f) provides in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> *Id.*

ORDER ~ 2

At issue here is the application of subsection (1). Mr. Aquirre-Ganceda submitted his § 2255 petition to prison authorities on January 2, 2008. *See Houston v. Lack*, 487 U.S. 266, 271 (1988)(holding that *pro se* prisoner filings are considered filed at moment of delivery to prison authorities). Mr. Aquirre-Ganceda asserts that his January 2, 2008, petition is timely under § 2255(f)(1) because his judgment of conviction became final when the Supreme Court denied his petition for rehearing on January 8, 2007. Mr. Aquirre-Ganceda's calculations, however, are incorrect.

Although the Ninth Circuit has not addressed the impact of filing a petition for rehearing on the one-year statute of limitations in a published opinion,[1] this Court agrees with the conclusion reached by seven other circuits that the judgment of conviction is considered final on the date certiorari is denied, not the date the petition for rehearing is denied. *See In re Smith*, 436 F.3d 9, 10 (1st Cir. 2006); *United States v. Segers*, 271 F.3d 181, 184 (4th Cir. 2001); *Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir. 2002); *Robinson v. United States*, 416 F.3d 645, 650 (7th Cir. 2005); *Campa-Fabela v. United States*, 339 F.3d 993, 993 (8th Cir. 2003); *United States v. Willis*, 202 F.3d 1279, 1280-81 (10th Cir. 2000); *Drury v. United States*, 507 F.3d 1295, 1296 (11th Cir. 2007), *petition for cert. filed* (U.S. Apr. 13, 2008)(No. 07-1565).

---

[1] The Ninth Circuit addressed this issue in an unpublished opinion. *United States v. Kazandjian*, 49 Fed. Appx. 114, 115 (9th Cir. 2002) (unpublished) (holding that the judgment of conviction is final on the date certiorari is denied for purposes of a § 2255 petition.)

ORDER ~ 3

The court relies in large part on Supreme Court Rule 16.3, entitled "Disposition of a Petition for a Writ of Certiorari":

> Whenever the Court denies a petition for a writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed. *The order of denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice.*

SUP. CT. R. 16.3 (emphasis added).  Rule 16.3 unambiguously states that the judgment of conviction is final on the date certiorari is denied and is not suspended pending the disposition of a petition for rehearing, unless the Supreme Court or a Justice intervenes.  There is no evidence that such intervention has occurred on Mr. Aquirre-Ganceda's behalf.

Mr. Aquirre-Ganceda's Writ of Certiorari was denied on October 16, 2006.  His conviction, therefore, became final for the purposes of 28 U.S.C. § 2255(f)(1) on that date.  Thus, he had until October 17, 2007, to timely file.  His § 2255 petition was not submitted, however, to prison authorities until January 2, 2008.  Accordingly, Mr. Aquirre-Ganceda's petition is time-barred by the one-year statute of limitations.

**2. Equitable Tolling**

Mr. Aquirre-Ganceda contends, in the alternative, that he is entitled to equitable tolling of the statute of limitations because he is a Mexican national whose language skills prevented timely filing.  He further asserts that previous counsel erroneously advised him that the judgment of conviction became final on the date the petition for rehearing was denied.

ORDER ~ 4

**a. Language Barrier**

A petitioner seeking equitable tolling of the statute of limitations bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to trigger equitable tolling... is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). As such, it is "unavailable in most cases." *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002). While a petitioner's language difficulties may constitute grounds for equitable tolling, a non-English-speaking petitioner must, "at a minimum, demonstrate that during the running of the time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006). Correspondingly, a petitioner who demonstrates proficiency in English or who has the assistance of a translator is barred from equitable relief. *Id.*

Here, Mr. Aquirre-Ganceda fails to show that his language barrier rises to the level of an "extraordinary circumstance" sufficient to justify equitable tolling. The record indicates that Mr. Aquirre-Ganceda is proficient in the English language and that translation assistance was available to him during the limitation period. The Pre-Sentence Investigation Report (PSIR) prepared by the United States Probation Office before sentencing states, "Mr. Aquirre-Ganceda reports he can read and write in Spanish *and can read in English*, but cannot write in the

ORDER ~ 5

language.  However, he can speak both languages." (PSIR pg. 23 ¶ 112) (italics added).  Mr. Aquirre-Ganceda did not object to this finding. The record further indicates that Mr. Aquirre-Ganceda was provided a Spanish interpreter at trial, yet voluntarily testified in English.

Translation assistance was available to him during the limitation period.  In his addendum to the present motion, Mr. Aquirre-Ganceda states, "another inmate explained to him exactly what the written plea offer stated." (Ct. Rec. 185.) Based on these circumstances, the Court finds that Mr. Aquirre-Ganceda has not adequately demonstrated the existence of a language barrier, or that even if such an impediment existed, that he was unable despite diligent efforts, to procure legal materials in his own language or translation assistance during the running of the time limitation. *See Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006).  Accordingly, Mr. Aquirre-Ganceda's language barrier does not rise to the level of an "extraordinary circumstance" sufficient to justify equitable tolling of the one-year statute of limitations.

**b. Counsel's Miscalculation of Limitation Period**

Mr. Aquirre-Ganceda also asserts that he is entitled to equitable tolling of the statute of limitations because previous counsel provided erroneous information regarding § 2255 filing deadlines. Specifically, he claims that previous counsel advised him that the statute of limitations in 28 U.S.C. § 2255(f)(1) began to run on the date the petition for rehearing was denied.

This issue was directly addressed by the Ninth Circuit in *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2006). In *Frye*, the Ninth Circuit

1   "conclude[d] that the miscalculation of the limitations period by Frye's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling." *Id.* at 1146.

Here, even assuming Mr. Aquirre-Ganceda's claims to be correct, he is not entitled to equitable tolling on this basis. The Court finds Supreme Court Rule 16.3 clearly identifies that finality attaches when the Supreme Court denies a petition for writ of certiorari. Accordingly, any misadvisment by counsel does not constitute an extraordinary circumstance sufficient to warrant equitable tolling. Given that Mr. Aquirre-Ganceda's petition is time-barred, the Court does not reach the merits of his claims of ineffective assistance of counsel and his Motion to Strike Government's Second Substantive Response is moot.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence **(Ct. Rec. 100)** is **DENIED** as untimely.

2. Petitioner's Motion to Strike the Government's Second Substantive Response **(Ct. Rec. 186)** is **DENIED** as moot.

3. The criminal file and its civil companion case shall be **closed**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to Respondent's counsel and Petitioner.

**DATED** this    3rd    day of July 2008.

S/ Edward F. Shea<br>
EDWARD F. SHEA<br>
United States District Judge

ORDER ~ 7