UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 2:03-CR-06016-EFS |
|---|---|
| Plaintiff/Respondent, | [No. 4:17-CV-05092-EFS] |
| v. | **ORDER DENYING MOTION** |
| JOSE MANUEL AGUIERRE-GANCEDA, | **CLERK'S OFFICE ACTION REQUIRED** |
| Defendant/Movant. | |

Before the Court is Defendant/Movant Jose Manuel Aguierre-Ganceda's "Memorandum of Law in Support of 28 U.S.C. § 2255, in the Alternative, Successive-in-Time Motion Pursuant to 28 U.S.C. § 2255," ECF No. 244. Also before the Court is Mr. Aguierre-Ganceda's related Motion for Appointment of Counsel, ECF No. 243. As explained below, the Court lacks jurisdiction and therefore denies relief and dismisses Mr. Aguierre-Ganceda's successive § 2255 motion.

**I. PROCEDURAL HISTORY AND PRIOR § 2255 MOTIONS**

In 2004, following jury trial, Mr. Aguirre-Ganceda was convicted of conspiracy to distribute methamphetamine, distribution of methamphetamine, possession with intent to distribute methamphetamine, and endangering human life while illegally manufacturing or attempting to illegally manufacture a controlled substance. ECF No. 133. On August 18, 2004, the Court sentenced Mr. Aguirre-Ganceda to the statutory

ORDER - 1

minimum of life imprisonment based on his four prior drug convictions. *See* ECF Nos. 64, 151 & 220-2. The U.S. Court of Appeals for the Ninth Circuit affirmed the verdict and sentence. ECF No. 174. On October 16, 2006, the U.S. Supreme Court denied Mr. Aguierre-Ganceda's Petition for Writ of Certiorari. *See* ECF No. 187.

On January 11, 2008, Mr. Aguierre-Ganceda filed his first § 2255 motion. ECF No. 180. In it, he claimed to have received ineffective assistance from defense counsel and that the sentencing enhancement under 21 U.S.C. § 851 for prior drug convictions was unconstitional because the convictions were not found proven beyond a reasonable doubt by a jury. *See* ECF No. 180. The Court denied Mr. Aguierre-Ganceda's first § 2255 motion as untimely for failure to satisfy the one-year limitation period under § 2255(f), ECF No. 187, and the Ninth Circuit affirmed this Court's denial, ECF No. 203.

On March 2, 2015, Mr. Aguierre-Ganceda filed a motion for a sentence reduction under U.S. Sentencing Guidelines § 1B1.1(b) and Amendment 782. ECF No. 219. The Court denied his motion, however, because Amendment 782 could not alter the fact that Count 1 carried a statutory mandatory minimum sentence of life imprisonment due to his prior convictions. *See* ECF No. 225.

On July 6, 2015, Mr. Aguierre-Ganceda filed a second § 2255 motion, this time claiming that the U.S. Attorney's Office was "using 21 U.S.C. § 851 as a weapon for retaliation for exercising [the] right to proceed to trial by jury." ECF No. 236 at 6–7. The Court denied Mr. Aguierre-Ganceda's second § 2255 motion for failure to comply with § 2255(h),

which requires certification from the Ninth Circuit prior to filing a second § 2255 motion. *See* ECF No. 239.

Mr. Aguierre-Ganceda now brings another motion pursuant to § 2255. In his current motion, Mr. Aguierre-Ganceda argues that under the categorical approach, each of his prior California state convictions cannot qualify as a "prior conviction for a felony drug offense" under 21 U.S.C. § 841 because the applicable California statutes are too broad. *See* ECF No. 244. He also states that one of his four prior California state convictions has been vacated. *See* ECF No. 244 at 13. Once again, however, there is no indication that Mr. Aguirre-Ganceda obtained Ninth Circuit certification before filing the instant § 2255 motion.

## II. DISCUSSION

Section 2255(h) states,

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also* Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 9 — Second or Successive Motions ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . .").

ORDER - 3

In some rare cases, a literal interpretation of "second or successive" will prevent meaningful federal review. The U.S. Supreme Court has stated that it is "hesitant to construe a statute, implemented to further the principles of comity, finality, and federalism, in a manner that would require unripe (and, often, factually unsupported) claims to be raised as a mere formality, to the benefit of no party." *Panetti v. Quarterman*, 551 U.S. 930, 947 (2007). In *Panetti*, the Supreme Court laid out three reasons for carving out limited exceptions to the general requirement that certification be obtained from a court of appeals prior to district court adjudication: (1) the implications of adopting a literal interpretation of "second or successive" for habeas practice, (2) the purposes of the Antiterrorism and Effective Death Penalty Act of 1996, and (3) the prior habeas corpus decisions, including the application of the abuse-of-the-writ doctrine. *See Panetti v. Quarterman*, 551 U.S. 930, 945 (2007).

Case law from the Court of Appeals for the Ninth Circuit shows that under the abuse-of-the-writ doctrine, a district court may consider an otherwise "second or successive" § 2255 motion if the defendant is able to show (1) an "external impediment" prevented him from raising the claim in compliance with § 2255 timing requirements, and (2) "actual prejudice resulting from the errors of which he complains." *See United States v. Lopez*, 577 F.3d 1053, 1060 (9th Cir. 2009). Alternatively, a district court should entertain a successive motion if the defendant shows that "a fundamental miscarriage of justice would result from a failure to entertain the claim." *Id.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 495 (1991)).

ORDER - 4

Here, Mr. Aguierre-Ganceda arguably has demonstrated that an external impediment prevented him from raising his claim relating to the redesignation of his prior felony conviction. He could not bring that claim before his prior conviction had been vacated. Nonetheless, Mr. Aguierre-Ganceda has failed to demonstrate the requisite prejudice. Even with only three qualifying prior drug convictions, Mr. Aguierre-Ganceda would still face a mandatory sentence of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (mandating term of life imprisonment without release if defendant has two or more prior felony convictions for drug offenses). For the same reason, failing to address Mr. Aguierre-Ganceda's claims will not result in a miscarriage of justice. As such, the Court must deny Mr. Aguierre-Ganceda's § 2255 motion due to his failure to obtain certification form the Ninth Circuit Court of Appeals under § 2255(h). *See Lopez*, 577 F.3d at 1060 ("If petitioner failed to establish cause and prejudice or satisfy the miscarriage-of-justice exception, the court had to dismiss the petition as an abuse of the writ.").

Accordingly, **IT IS HEREBY ORDERED**:

1. Mr. Aguierre-Ganceda's Motion for Appointment of Counsel, **ECF No. 243**, is **DENIED WITH LEAVE TO RENEW**. Mr. Aguierre-Ganceda may renew his request for appointed counsel if the Court of Appeals for the Ninth Circuit authorizes a successive § 2255 motion.

2. Mr. Aguierre-Ganceda's successive § 2255 motion, **ECF No. 244**, is **DENIED**.

ORDER - 5

3. If Mr. Aguierre-Ganceda wishes to proceed with a successive § 2255 motion, he should fill out an Application for Leave to File Second or Successive Petition Under 28 U.S.C. 2255 (Form 12) and send it to the U.S. Court of Appeals for the Ninth Circuit. The Clerk's Office is directed to **ATTACH** a copy of Ninth Circuit Form 12 to this Order.

4. The Clerk's Office is directed to **CLOSE** this file and the related civil file, 4:17-CV-05092-EFS.

5. The Court **DECLINES** to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to Mr. Aguierre-Ganceda and the United States Attorney's Office for the Eastern District of Washington.

**DATED** this   23rd    day of August 2017.


                    _s/Edward F. Shea___
                         EDWARD F. SHEA
               Senior United States District Judge