FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 13, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOSE MANUEL AGUIERRE-GANCEDA,<br><br>　　　　　　　　Defendant. | No. 2:03-CR-06016-EFS<br>[No. 4:18-CV-05044-EFS]<br>[No. 4:18-CV-05100-EFS]<br><br>**ORDER DENYING DEFENDANT'S § 2255 MOTION** |

Before the Court is Defendant Jose Manuel Aguierre-Ganceda's Motion Pursuant to 28 U.S.C. § 2255, ECF No. 253. For the reasons stated below, the Court denies Mr. Aguierre-Ganceda's motion.

## I. Procedural History and Prior § 2255 Motions

In 2004, following jury trial, Mr. Aguirre-Ganceda was convicted of conspiracy to distribute methamphetamine, distribution of methamphetamine, possession with intent to distribute methamphetamine, and endangering human life while illegally manufacturing or attempting to illegally manufacture a controlled substance. ECF No. 133. On August 18, 2004, the Court sentenced Mr. Aguirre-Ganceda to the statutory minimum of life imprisonment based on his four qualifying prior drug convictions, case numbers 90-CR-766-AWT, TA008531, VA031998, and 00-1-50439-1.[1] *See* ECF Nos. 64, 149, 151, & 220.

---

[1] *See* 21 U.S.C. § 841(b)(1)(A) (mandating a term of life imprisonment for a conviction after two or more prior convictions for a felony drug offense).

ORDER DENYING § 2255 MOTION - 1

The U.S. Court of Appeals for the Ninth Circuit affirmed the verdict and sentence. ECF No. 174. On October 16, 2006, the U.S. Supreme Court denied Mr. Aguierre-Ganceda's Petition for Writ of Certiorari. *See* ECF No. 187.

On January 11, 2008, Mr. Aguierre-Ganceda filed his first § 2255 motion. ECF No. 180. In it, he claimed to have received ineffective assistance from defense counsel and that the sentencing enhancement under 21 U.S.C. § 851 for prior drug convictions was unconstitutional because the convictions were not found proven beyond a reasonable doubt by a jury. *See* ECF No. 180. The Court denied Mr. Aguierre-Ganceda's first § 2255 motion as untimely for failure to satisfy the one-year limitation period under § 2255(f), ECF No. 187, and the Ninth Circuit affirmed this Court's denial, ECF No. 203.

On March 2, 2015, Mr. Aguierre-Ganceda filed a motion for a sentence reduction under U.S. Sentencing Guidelines § 1B1.1(b) and Amendment 782. ECF No. 219. The Court denied his motion because Amendment 782 could not alter the fact that Count 1 carried a statutory mandatory minimum sentence of life imprisonment due to his prior convictions. *See* ECF No. 225.

On July 6, 2015, Mr. Aguierre-Ganceda filed a second § 2255 motion, this time claiming that the U.S. Attorney's Office was "using 21 U.S.C. § 851 as a weapon for retaliation for exercising [the] right to proceed to trial by jury." ECF No. 236 at 6–7. The Court denied Mr. Aguierre-Ganceda's second § 2255 motion for failure to comply with § 2255(h), which requires certification from the Ninth Circuit prior to filing a second § 2255 motion. *See* ECF No. 239.

On June 23, 2017, Mr. Aguierre-Ganceda filed a third § 2255 motion, ECF No. 244, which the Court again denied for failing to obtain certification form the Ninth Circuit before filing a successive § 2255 motion. See ECF No. 245. On March 26, 2018, however, the Ninth Circuit reversed this Court's decision, holding that Mr. Aguierre-Ganceda did not need to obtain authorization to file his successive § 2255 motion. *See* ECF No. 248.[2] That said, the Ninth Circuit expressed "no opinion as to the merits of the applicant's claims or whether the procedural requirement of 28 U.S.C. § 2255(f) is satisfied." ECF No. 248.

Upon remand, this Court referred the matter for appointment of counsel. ECF No. 250. On April 3, 2018, Matthew A. Campbell filed a notice of appearance on behalf of Mr. Aguierre-Ganceda. ECF No. 252. On June 11, 2018, Mr. Aguierre-Ganceda — through counsel — filed an amended § 2255 motion, ECF No. 253. The Court deemed Mr. Aguierre-Ganceda's amended motion to be filed the same date as the August 8, 2017 motion, and the Court ordered the Government to respond. *See* ECF Nos. 250 & 254. On July 9, 2018, the Government filed a response, ECF No. 255. On July 27, 2018, Mr. Aguierre-Ganceda filed a reply, ECF No. 257.

In the present motion, Mr. Aguierre-Ganceda argues that three of the four prior drug convictions used to enhance his sentence do not qualify as a "prior conviction for a felony drug offense" under 21 U.S.C. § 841. *See* ECF No. 253 at 6.

---

[2] The Ninth-Circuit's decision relied on *United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011) (holding that prisoners may file successive-in-time motions without the usually required certification if the new § 2255 motion is based on events that did not occur until after the first motion was decided).

ORDER DENYING § 2255 MOTION - 3

**II. Timeliness**

As an initial matter, though not barred as successive, Mr. Aguierre-Ganceda must still overcome the gate-keeping requirement set forth in 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Mr. Aguierre-Ganceda is bringing his motion nearly 12 years after the Supreme Court denied certiorari. *See* ECF No. 187. For most of his claims, Mr. Aguierre-Ganceda fails to articulate any removed impediment, any right newly recognized and made retroactive by the Supreme Court, or any new facts that could not have been discovered earlier through exercise of due diligence. Thus, all but one of Mr. Aguierre-Ganceda's claims would be untimely if brought individually.

In this case, however, Mr. Aguierre-Ganceda's multiple claims are dependent upon each other. To receive relief from his mandatory lifetime sentence, he must successfully challenge at least three of the four prior convictions used to enhance his sentence. And one of Mr. Aguierre-Ganceda's claims is based on the fact that a prior state-

felony conviction was re-designated a misdemeanor on October 13, 2016. *See* ECF No. 257 at 2. Arguably, it would have been futile to challenge the other two convictions before this re-designation.[3] October 13, 2016, was the earliest date on which he could have "discovered" the facts supporting a claim for substantive relief. The Court therefore finds Mr. Aguierre-Ganceda has satisfied § 2255(f), and the Court turns to the merits of his motion.

### III. Arguments & Analysis

Mr. Aguirre-Ganceda is not contesting whether his 1991 conviction for possession with intent to distribute 44 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1)(D), in case number 90-CR-766-AWT, constitutes a felony drug offense. Mr. Aguirre-Ganceda asserts, however that the three remaining state convictions (case numbers TA008531, VA031998, and 00-1-50439-1) should not constitute felony drug convictions. *See* ECF No. 253 at 2. The Court addresses each prior conviction in turn.

**A.  Case Number TA008531**

On February 8, 1991, after pleading guilty in California Superior Court case number TA008531, Mr. Aguierre-Ganceda was convicted of transportation/sale of methamphetamine in violation of California Health and Safety Code § 11379(a). ECF No. 149 at 12, 20, 32. The Los Angeles County Superior Court selected the "mid term of 3 years for the base term as to Count One." ECF No. 149 at 12.

---

[3] *Cf. Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) ("We are hesitant to construe a statute, implemented to further the principles of comity, finality, and federalism, in a manner that would require unripe (and, often, factually unsupported) claims to be raised as a mere formality,to the benefit of no party.").

Mr. Aguirre-Ganceda now argues that § 11379(a) is overbroad, meaning his conviction in TA008531 cannot be used categorically to enhance his sentence under 21 U.S.C. § 841(b)(1)(A). ECF No. 253 at 8. As support for this argument, Mr. Aguierre-Ganceda cites several cases in which the Court of Appeals for the Ninth Circuit held that § 11379(a) and other similar California statutes are overbroad as compared to the federal generic offense.[4]

Although some of the reasoning and analysis underlying the cited decisions might be useful here, the validity of Mr. Aguierre-Ganceda's sentence enhancement does not rest on whether his prior convictions match the corresponding federal generic offenses.[5] Instead, each prior conviction needs to match the definition of "felony drug offense" set forth in 21 U.S.C. § 802(44). Thus, the Court addresses Mr. Aguierre-Ganceda's implicit argument that California Health and Safety Code § 11379 is overly broad because it might regulate substances that do not fit within the categories listed in 21 U.S.C. § 802(44).

//

/

---

[4] *See, e.g., United States v. Barragan*, 871 F.3d 689 (9th Cir. 2017) (accepting the government's concession that that California Health and Safety Code § 11379 is overbroad in comparison to the federal generic offense for purposes of the Guidelines' definition of "controlled substance offense," and holding that § 11379 is divisible); *United States v. Martinez-Lopez*, 864 F.3d 1034, 1044 (9th Cir. 2017) (holding California Health and Safety Code § 11352 is overbroad compared to the federal "drug trafficking offense," but it is divisible and therefore subject to the modified categorical approach).

[5] *See United States v. Smith*, 775 F.3d 1262, 1267 (11th Cir. 2014) ("We need not search for the elements of 'generic' definitions of 'serious drug offense' and 'controlled substance offense' because these terms are defined by a federal statute and the Sentencing Guidelines, respectively. . . . No element of mens rea with respect to the illicit nature of the controlled substance is expressed or implied by either definition.")

ORDER DENYING § 2255 MOTION - 6

**1. Definition of "Felony Drug Offense"**

As relevant here, to be a "felony drug offense" for purposes of 21 U.S.C. § 841, the defendant must have violated a law "relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."[6] Other courts have recognized that this definition is expansive.[7] So, as a preliminary matter, the Court observes that any substance governed by § 11379 would likely constitute a "depressant or stimulant substance," and therefore fall under the definition set forth in 21 U.S.C. § 802(44).[8] Indeed, Mr. Aguierre-Ganceda does not specify any substance regulated by California Health and Safety Code § 11379

---

[6] 21 U.S.C. § 802(44)(defining "felony drug offense"); *see also* 21 U.S.C. § 841(b)(1)(A) (mandating a term of life imprisonment for a conviction after two or more prior convictions for a "felony drug offense").

[7] *See, e.g., United States v. Rains*, 615 F.3d 589, 598 (5th Cir. 2010) ("The statute speaks of 'any law . . . that prohibits or restricts conduct relating to narcotic drugs.' There is no qualification indicating that the law in question must 'only restrict,' 'always restrict,' or merely 'restrict in part' conduct relating to drugs." (quoting 21 U.S.C. § 802(44)) (alterations in original)); *United States v. Gonzalez-Pasos*, 673 F. App'x 492, 496 (6th Cir. 2016) ("A violation of Cal. Health & Safety Code § 11351 (eff. Mar. 29, 2000) — which prohibits possessing or purchasing a controlled substance for purposes of sale — falls within 21 U.S.C. § 802(44)'s broad definition of 'felony drug offense' as a violation of a statute that 'prohibits or restricts conduct relating to certain drugs.'"(Internal alterations omitted.)); *United States v. Grayson*, 731 F.3d 605, 607 (6th Cir. 2013) (noting that the term "relating to" means a state statute need only have some connection with prohibiting or restricting drugs to fall within § 802(44)'s definition).

[8] *Compare* Cal. Health & Safety Code § 11379 (1996) (applying to "any controlled substance which is (1) classified in Schedule III, IV, or V and which is not a narcotic drug, (2) specified in subdivision (d) of Section 11054, except paragraphs (13), (14), (15), (20), (21), (22), and (23) of subdivision (d), (3) specified in paragraph (2) or (3) of subdivision (f) of Section 11054, or (4) specified in subdivision (d) or (e), except paragraph (3) of subdivision (e), or specified in subparagraph (A) of paragraph (1) of subdivision (f), of Section 11055, unless upon the prescription of a physician, dentist, podiatrist, or veterinarian, licensed to practice in this state") *with* 21 U.S.C. § 802(9)(D) (defining "depressant or stimulant substance" to include any drug containing barbituric acid, amphetamine, lysergic acid diethylamide, or "any drug which contains any quantity of a substance which the Attorney General, after investigation, has found to have, and by regulation designated as having, a potential for abuse because of its depressant or stimulant effect on the central nervous system or its hallucinogenic effect").

that does not also fall within the categories listed in § 802(44). Nonetheless, the Court will assume arguendo that California's § 11379 reaches substances not included within the ambit of § 802(44), and the Court will therefore apply the modified categorical approach.[9]

### 2. The Modified Categorical Approach

Under the modified categorical approach, the Court may look at certain records called "*Shepard* documents," which may include "the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."[10] If the conviction at issue arose from a guilty plea — as it did here — the question is whether the defendant "necessarily admitted the elements of the particular statutory alternative that is a categorical match with the federal definition."[11] Further, if proof of a prior conviction rests *solely* upon a charging document and an abstract of judgment, "the link between the charging papers and the abstract of judgment . . . must be clear and convincing."[12]

Here, the felony complaint in case number TA008531 alleged in Count 1 that Mr. Aguierre-Ganceda "did willfully and unlawfully

---

[9] *See Shepard v. United States*, 544 U.S. 13, 26 (2005); *see also United States v. Ocampo-Estrada*, 873 F.3d 661, 667 (9th Cir. 2017) ("If a predicate statute is divisible — i.e., it lists alternative elemental versions of the offense within the same statute, rather than simply separate means for committing a single offense — then the modified categorical approach is used to determine which elemental version of the offense was committed.").
[10] *Id.* at 668 (quoting *Shepard*, 544 U.S. at 26).
[11] *Id.* (citing *United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1100 (9th Cir. 2015)).
[12] *See Medina-Lara v. Holder*, 771 F.3d 1106, 1113 (9th Cir. 2014) (applying the modified categorical approach to determine whether California statutes match the Immigration and Nationality Act's definitions of "aggravated felony" and "controlled substance offense").

ORDER DENYING § 2255 MOTION - 8

transport, import into the State of California, sell, furnish, administer, and give away . . . a controlled substance, to wit, methamphetamine." ECF No. 149 at 32. Mr. Aguierre-Ganceda pleaded guilty to Count 1, and the judgment of conviction is for Count 1. Moreover, a California probation officer's report listed the crime as "11379(a) H&S (Transportation/Sale of Methamphetamine)," and directly underneath that, it stated Mr. Aguierre-Ganceda had been convicted of the "same." ECF No. 149 at 20.

Mr. Aguierre-Ganceda argues the *Shepard* documents do not show that he "was necessarily convicted of an offense in which methamphetamine was an element." ECF No. 253 at 11. He argues that "precedent establishes that the complaint and minute orders submitted by the government can be considered as *Shepard* documents, while the probation report cannot be considered in applying the modified categorical approach." ECF No. 253 at 9. However, the unpublished case he cites as support, *United States v. Beltran*, 467 F. App'x 669, 670 (9th Cir. 2012), dealt with a report authored by the reviewing *federal* district court's probation department. The court in *Beltran* was not presented with a report that was generated as part of the underlying *state-proceedings*.

Here, the probation officer's report in case number TA008531 is a part of the underlying state-court's record. It was produced after Mr. Aguierre-Ganceda had already pleaded guilty, and it was specifically intended to assist the state judge in pronouncing a sentence. It therefore qualifies as a "comparable judicial record" indicating the particular crime for which Mr. Aguierre-Ganceda pleaded guilty and was

convicted.[13] That said, the Court does not consider the factual statements in the probation officer's report, as there is no proof that Mr. Aguierre-Ganceda admitted to those *particular* facts. Rather, the Court considers the state probation officer's report only to the extent is serves as direct, reliable evidence that Mr. Aguierre-Ganceda did indeed plead guilty to transportation/sale of methamphetamine as charged in Count 1 of the complaint.[14] Accordingly, taking all the *Shepard* documents into account, the Court finds case number TA008531 qualifies as a "prior conviction for a felony drug offense" for purposes of enhancing his sentence in this case.[15]

**B.    Case Number VA031998**

On May 30, 1996, in Los Angeles County Superior Court case number VA031998, Mr. Aguierre-Ganceda pleaded guilty to possession of a methamphetamine in violation of California Health and Safety Code 11377. ECF No. 149 at 39–41. On August 14, 1996, the Los Angeles County Superior Court sentenced him to 180 days' jail. ECF No. 149 at 45. Then, on October 31, 2016, pursuant to California Proposition 47, the Los Angelas County Superior Court ruled that "pursuant to Penal Code Section 1170.18(g), Defendant's felony conviction is designated a misdemeanor conviction." ECF No. 249 at Ex. 4.

**1.    Subsequent Designation as a Misdemeanor**

Mr. Aguierre-Ganceda argues that his conviction in case number VA031998 "does not qualify as a drug offense because that conviction is

---

[13] *See Shepard*, 544 U.S. at 26.
[14] *See Ocampo-Estrada*, 873 F.3d at 668 (holding that the issue is whether the defendant "necessarily admitted the elements of the particular statutory alternative that is a categorical match with the federal definition").
[15] *See* 21 U.S.C. § 802(44).

ORDER DENYING § 2255 MOTION - 10

actually a misdemeanor conviction." ECF No. 253 at 11:15-16. According to Mr. Aguierre-Ganceda, the "successful challenge to his conviction rendered that felony conviction invalid." ECF No. 253 at 14. As Mr. Aguierre-Ganceda concedes, however, the Court of Appeals for the Ninth Circuit has already rejected this very argument. *See* ECF No. 253 at 12.

In *United States v. Diaz*, the Ninth Circuit stated, "Proposition 47, offering post-conviction relief by reclassifying certain past felony convictions as misdemeanors, does not undermine a prior conviction's felony-status for purposes of § 841." 838 F.3d 968, 975 (9th Cir. 2016). The court reasoned that "Proposition 47 does not change the historical fact that [a defendant] violated § 841 'after two or more prior convictions for a felony drug offense [had] become final.'" *Id.* at 971 (quoting § 841(b)(1)(A)).

This Court is, of course, bound by Ninth Circuit precedent. As such, the Court finds case number VA031998 qualifies as a "prior conviction for a felony drug offense" for enhancement purposes under 21 U.S.C. § 841.

### 2. The *Shepard* Documents

As an alternative argument, Mr. Aguierre-Ganceda argues that it is unclear whether he was actually convicted of illegally possessing methamphetamine in case number VA031998, as opposed to some other "controlled substance." *See* ECF No. 253 at 23-24.

The felony complaint in case number VA031998 plainly alleges in Count 1 that Mr. Aguierre-Ganceda possessed methamphetamine, not some other drug. *See* ECF No. 149 at 41. Mr. Aguierre-Ganceda pleaded guilty

to Count 1, and the judgment of conviction is for Count 1. Mr. Aguierre-Ganceda, however, argues that the language in the complaint is insufficient because his plea and the judgment do not contain the word "methamphetamine." *See* ECF No. 253 at 23–24.

Relying heavily on the Ninth Circuit case *Medina-Lara v. Holder*, he asserts that "California allows for indictments to be amended orally in open court," so "there would not necessarily be any written record of a superseding indictment in the state court papers." *See* ECF No. 257 at 16 (quoting *Medina-Lara*, 771 F.3d 1106, 1114 (9th Cir. 2014)). However, in contrast to this case, the court in *Medina-Lara* was presented with several reasons to doubt the defendant was convicted of the same crime listed in the charging document that was provided. There, the defendant pleaded to count "3A" instead of "3" as contained in the charging document, an immigration judge had previously noted a "disconnect" between the charging document and the abstract of judgment, and records showed that a government attorney had expressed a need to obtain "the superseding indictment."[16]

The record in this case gives no reason to suspect that Mr. Aguierre-Ganceda pleaded guilty to any crime other than possession of methamphetamine as charged in Count 1 of the complaint. The complaint, the plea agreement, and the judgment all state "Count 1" and cite to the same statute. *See* ECF No. 149 at 39, 41, 48. Neither Mr. Aguierre-Ganceda's guilty plea nor the minute entries indicate Count 1 was altered, amended, or superseded in any way. *See* ECF No. 149

---

[16] *See Medina-Lara*, 771 F.3d at 1114.

at 39–40, 44–49. Moreover, in his guilty plea, Mr. Aguierre-Ganceda acknowledged that he would likely be required to "register as a narcotic offender pursuant to section 11590 of the Health and Safety Code," ECF No. 149 at 39 — something he would only be required to do if his crime involved lysergic acid diethylamide (LSD), methamphetamine, or an analog/derivative thereof.[17]

The *Shepard* documents clearly and convincingly show that Mr. Aguierre-Ganceda pleaded guilty to, and was convicted of, illegally possessing methamphetamine as charged in Count 1 of the complaint.[18] Thus, the Court finds Mr. Aguierre-Ganceda's conviction in case number VA031998 qualifies as a prior felony drug conviction under 21 U.S.C. § 841(b)(1)(A).

**C.    Case Number 00-1-50439-1**

On April 2, 2002, in Franklin County Superior Court case number 00-1-50439-1, Mr. Aguierre-Ganceda pleaded guilty to unlawful possession of a controlled substance, methamphetamine, in violation of Revised Code of Washington (RCW) § 69.50.401(d). ECF No. 149 at 54. On May 7, 2018, the superior court sentenced him to 30 days' jail. ECF No. 149 at 60.

Mr. Aguierre-Ganceda argues that the case *United States v. Valdivia-Flores*, 876 F.3d 1201 (9th Cir. 2017), "would dictate that

---

[17] *See* Cal. Health & Safety Code § 11590(a) (referencing specific controlled substances for offenses defined in § 11377).

[18] Though not necessary to reach the same conclusion, Mr. Aguierre-Ganceda's own admissions during trial and sentencing that this particular prior conviction was for possession of methamphetamine further bolster the Court's conclusion that Mr. Aguierre-Ganceda pleaded guilty to Count 1 as charged in the complaint. *See*, *e.g.*, ECF No. 166 at 10–12 (engaging in a § 851 colloquy in which Mr. Aguierre-Ganceda discusses his various methamphetamine offenses).

ORDER DENYING § 2255 MOTION - 13

based on the overbreadth and indivisibility of Washington aiding-and-abetting liability, Washington delivery of controlled substances does not qualify as a "felony drug offense." ECF No. 253 at 26. Again, however, the issue here is not whether "the Washington drug trafficking law on its face appears to have a more inclusive mens rea requirement for accomplice liability than its federal analogue."[19] Instead, the only question is whether Washington's § 69.50.401(d) is overly broad as compared to the definition of "felony drug offense" in 21 U.S.C. § 802(44).

### 1. Comparison of the Two Statutes

As it appeared at the time of Mr. Aguierre-Ganceda's offense and conviction, RCW § 69.50.401(d) read as follows:

> It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his or her professional practice, or except as otherwise authorized by this chapter. Any person who violates this subsection is guilty of a crime, and upon conviction may be imprisoned for not more than five years, fined not more than ten thousand dollars, or both . . . .

And the version of 21 U.S.C. § 802(44) in effect at the time read as follows:

> The term "felony drug offense" means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances.

The plain language of the two statutes shows that RCW § 69.50.401(d) "prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances," and a

---

[19] *See Valdivia-Flores*, *876 F.3d* at 1207.

ORDER DENYING § 2255 MOTION - 14

violation of that statute is an offense punishable by imprisonment for more than one year. The definition provided in § 802(44) is "coherent, complete, and by all signs exclusive."[20] Additionally, to the best of the Court's knowledge, there is no binding case law or other authority suggesting that § 802(44) has an implied mens rea requirement. Indeed, other courts have noted that § 802(44) has none.[21] Accordingly, the Court finds that the Ninth Circuit's ruling in *Valdivia-Flores* has no effect on the enhancement based on Mr. Aguierre-Ganceda's conviction in case number 00-1-50439-1.

### IV. Conclusion

The Court finds that all three of Mr. Aguierre-Ganceda's challenged convictions qualify as prior felony drug convictions under 21 U.S.C. § 841(b)(1)(A). Moreover, had one — or even two — of his prior convictions been invalid for some reason, Mr. Aguierre-Ganceda would nonetheless be subject to a mandatory term of life imprisonment. Upon reaching the merits of his arguments, the Court therefore finds Mr. Aguierre-Ganceda is not entitled to the relief he seeks.

//

/

---

[20] *Burgess v. United States*, 553 U.S. 124, 135 (2008).
[21] *See Devero v. United States*, No. 3:13-CR-12-J-32JRK, 2017 WL 2840670, at *5 (M.D. Fla. July 3, 2017) (noting that no mens rea element "is expressed or implied by § 802(44)'s definition of 'felony drug offense'"). *Cf. also United States v. Curry*, 404 F.3d 316, 319 (5th Cir. 2005) (providing a detailed analysis of § 802(44)'s lack of a mens rea requirement and holding that "the use and statutory definition of 'felony drug conviction' in § 802(44) sweeps broadly enough to include even strict liability offenses"); *United States v. Smith*, 775 F.3d 1262, 1267 (11th Cir. 2014) ("We need not search for the elements of 'generic' definitions of 'serious drug offense' and 'controlled substance offense' because these terms are defined by a federal statute and the Sentencing Guidelines, respectively. . . . No element of mens rea with respect to the illicit nature of the controlled substance is expressed or implied by either definition.").

Accordingly, **IT IS HEREBY ORDERED**:

1. Mr. Aguierre-Ganceda's amended Motion Pursuant to 28 U.S.C. § 2255, **ECF No. 253**, is **DENIED**.

2. **The Clerk's Office** is directed to **CLOSE** this file and the related civil files, **No. 4:18-CV-05044-EFS** and **No. 4:18-CV-05100-EFS**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to counsel.

**DATED** this ___13th___ day of August 2018.


          _s/Edward F. Shea__
          EDWARD F. SHEA
      Senior United States District Judge