Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Alison L. Gregoire
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>JOSE MANUEL AGUIRRE-GANCEDA,<br><br>             Defendant. | Case No. 2:03-CR-6016-EFS<br><br>United States' Response in Opposition to Defendant's Motion for Reduction in Sentence |

Plaintiff, United States of America, by and through Joseph H. Harrington, United States Attorney for the Eastern District of Washington, and Alison L. Gregoire, Assistant United States Attorney for the Eastern District of Washington, submits the following response to the Defendant's motion to reduce sentence (ECF No. 276).

## I.    Introduction

Defendant Jose Manuel Aguirre-Ganceda ("Defendant") asks this Court to reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A) and order immediate release, relying on statutory changes to 21 U.S.C. § 841 and § 851 pursuant to Section 401 of the First Step Act. Congress's changes to the recidivist penalty

structure for drug trafficking offenses are expressly non-retroactive and subsequent non-retroactive changes in sentencing law do not constitute "extraordinary and compelling" circumstances. This Court should deny this motion with prejudice because Defendant has not met his burden of establishing that a sentence reduction to time served is permissible on this basis, let alone warranted under the statute.

## II. Factual and Procedural Background

In 2004, following a jury trial, Defendant was convicted of conspiracy to distribute methamphetamine, distribution of methamphetamine, possession with intent to distribute methamphetamine, and endangering human life while illegally manufacturing or attempting to illegally manufacture a controlled substance. ECF No. 133. Defendant had four convictions relied upon by the government in filing its notice pursuant to 21 U.S.C. § 851. *See* ECF No. 64. This notice set forth the following convictions:

1. United States District Court for the Central District of California, Case No. 90-766-AWT: In 1991, Defendant was convicted of one count of possession with intent to distribute 44 pounds of marijuana pursuant to 21 U.S.C. § 841(a)(1), and was sentenced to thirteen months of imprisonment. PSIR ¶ 69 .

2. Los Angeles County Superior Court Case No. TA008531: In 1991, Defendant was convicted of one count of Sale of a Controlled Substance, in violation of California Penal Code § 11379(A). PSIR ¶ 75. Defendant was sentenced to three years' imprisonment. PSIR ¶ 81.

3. Los Angeles County Superior Court Case No. VA031998: In 1996, Defendant was convicted of one count of Possession of a Controlled Substance, in violation of California Penal Code §11377(A). PSIR ¶ 82-85. Defendant was sentenced to less than one-year of imprisonment. PSIR ¶ 85. The conviction was subsequently reduced to a misdemeanor.

4. Franklin Country Superior Court Case No. 00-1-50439-1: In 2002, Defendant was convicted of unlawful possession of a controlled substance, Methamphetamine, pursuant to RCW 69.50.401(d), and was sentenced to thirty days of incarceration. PSIR ¶ 90.

On August 18, 2004, because of the quantity of methamphetamine involved and the 851 notices filed, this Court sentenced Defendant to the statutory minimum: life imprisonment. ECF Nos. 64, 151 & 220-2. The United States Court of Appeals for the Ninth Circuit affirmed the verdict and sentence. ECF No. 174. On October 16, 2006, the United States Supreme Court denied Defendant's Petition for Writ of Certiorari. ECF No. 187.

On January 11, 2008, Defendant filed his first § 2255 motion. ECF No. 180. He claimed to have received ineffective assistance from defense counsel and that the sentencing enhancements, under 21 U.S.C. § 851 for prior drug convictions, were unconstitutional because the convictions were not found proven beyond a reasonable doubt to a jury. ECF No. 180. This Court denied Defendant's first § 2255 motion as untimely for failure to satisfy the one-year limitation period under § 2255(f). ECF No. 187. The Ninth Circuit affirmed. ECF No. 203.

On March 2, 2015, Defendant filed his first motion for a sentence reduction under United States Sentencing Guidelines (USSG) §1B1.1(b) and Amendment 782. ECF No. 219. This Court denied his motion because Amendment 782 did not alter the fact that Count 1 carried a statutory mandatory minimum sentence of life imprisonment due to Defendant's prior convictions. ECF No. 225.

On July 6, 2015, Defendant filed a second § 2255 motion, this time claiming that the Government was "using 21 U.S.C. § 851 as a weapon for retaliation for exercising [the] right to proceed to trial by jury." ECF No. 236 at 6-7.[1] This Court denied Defendant's second § 2255 motion for failure to comply with § 2255(h), which

---

[1] In this motion, Defendant again suggests his sentence was the result of a trial penalty. ECF No. 276 at 1, 25. However, the mere fact that the United States filed a § 851 notice after the defendant chose not to accept a plea deal does not constitute evidence of prosecutorial vindictiveness. *See United States v. Gamez-Orduno*, 235 F.3d 453, 463 (9th Cir. 2000).

requires certification from the Ninth Circuit prior to filing a second § 2255 motion. ECF No. 239.

On June 23, 2017, Defendant filed a third § 2255 motion, claiming that under the categorical approach, each of his prior state convictions failed to qualify as a "prior conviction for a felony drug offense" under 21 U.S.C. § 841 because the applicable California and Washington statutes are overbroad. ECF No. 244. Defendant also claimed one of his four prior California convictions was vacated. See ECF No. 244 at 13. This Court denied Defendant's third § 2255 motion for failure to obtain certification from the Ninth Circuit Court under § 2255(h).

On March 26, 2018, the Ninth Circuit found no authorization was needed for Defendant to file his a successive § 2255 motion. ECF No. 248 (citing *United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011) (petitioners may file second-in-time petitions based on events that do not occur until after petitioner's first petition is concluded) (additional citations omitted). The Ninth Circuit expressed "no opinion as to the merits of the applicant's claims or whether the procedural requirement of 28 U.S.C. § 2255(f) [were] satisfied," and ordered the proposed motion to be transferred to the district court. ECF No. 248.

On August 13, 2018, this Court denied Defendant's second or successive § 2255 motion finding Defendant's four prior convictions qualified as predicate convictions under 21 U.S.C. § 841. ECF No. 258. Defendant sought appeal. ECF No. 260. On August 27, 2018, the United States Court of Appeals for the Ninth Circuit issued an order remanding the case to this Court for the limited purpose of determining if a certificate of appealability would issue. ECF No. 264. On September 14, 2018, this Court issued a certificate of appealability. ECF No. 265. Defendant appealed, and on July 12, 2019, the Ninth Circuit affirmed. *United States v. Aguirre-Ganceda*, 773 F. App'x 403, 405 (9th Cir.), *cert. denied*, 140 S. Ct. 495 (2019).

//

### III.    Prerequisites and Burden

Generally, courts have limited power to modify terms of imprisonment once a defendant has been sentenced unless such authority is expressly granted by statute.  A district court "may not modify a term of imprisonment once it has been imposed" except in very limited circumstances. 18 U.S.C. § 3582(c). Section 3582(c) provides three narrow exceptions to this rule: (1) upon motion by the Director of the BOP or the defendant, after exhausting administrative remedies or waiting 30 days after requesting relief from BOP, for "extraordinary and compelling reasons" or for certain elderly prisoners (18 U.S.C. § 3582(c)(1)(A)); (2) when expressly permitted by statute or Federal Rule of Criminal Procedure 35 (§ 3582(c)(1)(B)); or (3) where the applicable Sentencing Guidelines range has been retroactively lowered by the Sentencing Commission (§ 3582(c)(2)).  *See United States v. Sutton*, 962 F.3d 979, 983-84 (7th Cir. 2020).  The Defendant bears the burden to demonstrate he/she is eligible for such a sentencing reduction.  *See e.g. United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998) ("in a typical motion under 18 U.S.C. § 3582(c)," the movant bears the burden to show eligibility for a reduction in sentence).

### IV.    Compassionate Release and Exhaustion

On June 15, 2020, Defendant filed his first request for a reduction in sentence to the warden of FCI Victorville claiming that if sentenced today that he would not receive a life sentence. ECF No. 277-2. On June 30, 2020, Warden T. Jusino denied this request, acknowledging that Defendant's sentence would, indeed, have been lower under the First Step Act, reasoning:

> Congress was very clear these changes  "shall apply to any offense that
> was committed before the date of enactment of the Act if a sentence for
> the offense has not been imposed as of such date of enactment" which
> was on December 21, 2018. You were sentenced on August 17, 2004,
> which is prior to the enactment of the First Step Act. As the criminal code
> changes frequently, I found no evidence in your case that this change was

extraordinary and compelling as is required for the Bureau to recommend you for a reduction in sentence.

ECF No. 277-3. Defendant did not file an appeal with the Bureau of Prisons ("BOP"). On July 24, 2020, Defendant, through counsel, filed his second request for a reduction in sentence to the Warden of FCI Victorville claiming generally that COVID-19 warranted his release. ECF No. 276-24. The Warden did not respond to this request. On February 11, 2021, Defendant filed his third request for a reduction in sentence to the Warden suggesting the request was necessary for him to "exhaust remedies,"

Because we recognize that BOP did not get the message and remains glued to its obstructive ways, and exhausting administrative remedies remains a useless procedural hurdle, we respectfully request that BOP issue its routine denial so Mr. Aguirre-Ganceda can petition the court.

ECF No. 276-23 at 2. The United States has received no confirmation the Warden received that request.

As indicated above, Defendant must show an exhaustion of administrative remedies. The government notes the Warden did file a timely response to Defendant's first petition for compassionate release, and Defendant did not appeal. Attachment B. However, it would seem there has been more than a 30 day lapse since the filing of two successive petitions for compassionate release on Defendant's behalf, without response from the Warden. For purposes of judicial economy, the United States proceeds assuming Defendant has satisfied the exhaustion and/or 30-day lapse requirement.

## V.    Legal Framework

A judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)); s*ee also United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (stating "a court generally may not correct or modify a prison sentence once it has been

imposed" unless "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"). Defendant argues extraordinary and compelling reasons exist to shorten his sentence. ECF No. 276. Section 3582(c)(1)(A)(i), authorizes a district court to reduce a term of imprisonment if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) such a reduction is appropriate "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Congress did not define what constitutes "extraordinary and compelling reasons" for a sentence reduction under section 3582(c)(1)(A), other than to express that "[r]ehabilitation of the defendant alone" is insufficient. *See* 28 U.S.C. § 994(t). Rather, Congress granted the Sentencing Commission authority to promulgate a policy statement "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

Pursuant to this express instruction, the Sentencing Commission set forth a policy statement that created three requirements for a sentence reduction under 3582(c)(1)(A)(i). USSG §1B1.13. As relevant here, the court must conclude: (1) "extraordinary and compelling reasons warrant such a reduction," (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and (3) "[t]he reduction is consistent with this policy statement." *Id.* The Sentencing Commission further defined "extraordinary and compelling reasons" in the Application Notes to USSG §1B1.13, listing three specific examples, the defendant's medical, age, or family circumstances, and a catch-all provision. This catch-all provision authorizes a sentence reduction if, "[a]s determined by the Director of the Bureau of Prisons**,** there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the three

specific examples. Consistent with this provision, the Bureau of Prisons identified a nonexclusive list of factors to determine whether "other" extraordinary and compelling reasons exist, such as criminal and personal history, unresolved detainers, current age and age at the time of offense and sentencing, and whether release would minimize the severity of the offense. *See* U.S. Dep't of Justice, Bureau of Prisons, Program Statement No. 5050.50, at 12 (Jan. 17, 2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf

## VI.    Argument

### A.    BOP's policy statement is binding, and "extraordinary and compelling" is not left to the court's discretion.

Defendant argues that, following the changes imposed by the First Step Act ("FSA"), defendants convicted of the same offenses with the same criminal history would face a lesser statutory penalty. ECF No. 276. He also suggests his age, his substantial time served in prison, his non-violent offense, family ties, and that he will be removed from the United States to Mexico are extraordinary and compelling circumstances warranting release. ECF No. 276 at 1–3.  None of these reasons are encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13.  *See generally United States v. Galicia,* No. 2:94-CR-0294-06 WBS, 2021 WL 75235, at *3 (E.D. Cal. Jan. 8, 2021) (Galicia argued his mandatory life sentence was too severe as he is 54 years old, has served more than 26 years in custody, and was sentenced for a non-violent offense; the court declined relief finding, "None of these reasons, however, are encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the three criteria in the application notes.")

Relying on the First Step Act ("FSA"), Defendant asks this court to look beyond Congress's explicit delegation of authority to the Sentencing Commission under 18 U.S.C. § 3582(c)(1)(A)(i) and 28 U.S.C. § 994, and the policy statement, to

support a sentence reduction. *See* ECF No. 276 at 25 ("Courts now have broad authority to determine what is and is not extraordinary and compelling . . . ."). However, Section 603(b) of the FSA simply amended § 3582(c)(1)(A) to allow a defendant to directly petition the court for a sentence reduction after exhausting administrative remedies, as opposed to relying on the BOP to do so on their behalf. *See* First Step Act, Pub. L. 115-391, 132 Stat. 5194, 5238–39. The FSA left unchanged two critical and unambiguous statutory commands vesting the Sentencing Commission, not courts, with authority to set the applicable criteria for "extraordinary and compelling reasons" warranting a sentence reduction. First, the FSA did not change or repeal 18 U.S.C. § 3582(c)(1)(A)'s requirement that any reduction be "consistent with applicable policy statements issued by the Sentencing Commission." Second, the FSA did not repeal the Sentencing Commission's authority under 18 U.S.C. § 944(t) to define "extraordinary and compelling," nor did it grant courts independent discretionary authority to define these criteria.

The United States recognizes courts are split on the FSA's effect on the applicability of the Sentencing Commission's policy statement in USSG §1B1.13 to defendant-filed motions for a sentence reduction.[2] Since Congress passed the FSA in December 2018, the Sentencing Commission has not had a quorum, and therefore has not amended § 1B1.13. *See* United States Sentencing Commission, Guidelines Manual, Appendix C, Amendments to the Guidelines Manual, Amendment 683, https://guidelines.ussc.gov/ac/683 (last visited Mar. 4, 2020). Thus, the policy statement continues to state at the outset, "[u]pon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment," and moreover, application note 4 states, "[a] reduction under this

---

[2] To the United States' knowledge, there is no published Ninth Circuit authority on whether § 1B1.13 is binding on defendant-filing motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A)." § 1B1.13. The first statement remains applicable. While the second statement accurately reflected the law at the time the policy statement was promulgated and last amended, the FSA changed this statement.

Some Circuit Courts of Appeals have held § 1B1.13 is no longer binding on defendant-filed motions for a sentence reduction because 18 U.S.C. § 3582(c)(1)(A)(i) only requires courts to adhere to "applicable policy statements" and no such policy statements exists since § 1B1.13 has not been amended. *See United States v. Brooker*, 976 F.3d 228, 236 (2nd Cir. 2020); *see also United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109–11 (6th Cir. 2020). However, these decisions are not well reasoned because they are inconsistent with Supreme Court precedent and the plain language of the statute and rely on the faulty premise that the FSA somehow rendered the Sentencing Commission's policy statement an inappropriate expression of policy.

A district court has no inherent authority to reconsider or alter an imposed sentence except pursuant to statutory authorization. *See Dillon* 560 U.S. at 824; *United States v. Addonizio*, 442 U.S. 178, 189, 189 n.16 (1979) ("The beginning of the service of the sentence in a criminal case ends the power of the court even in the same term to change it." (quoting *United States v. Murray*, 275 U.S. 347, 358 (1928))). In *Dillon*, the Supreme Court addressed whether the Guidelines policy statements related to 18 U.S.C. § 3582(c)(2), which authorizes sentence reductions based on retroactive amendments to the Sentencing Guidelines, were binding. Notably, Section 3582(c)(2) specifies —in language identical to § 3582(c)(1)(A)'s key clause—that such "reductions must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 822. The *Dillon* Court stressed the Sentencing Commission's role and concluded that this statutory framework made the Guidelines

policy statement binding. *Id.* at 826–27. Unlike an original sentencing proceeding which requires the Guidelines be treated as advisory under the Sixth Amendment, *United States v. Booker*, 543 U.S. 220 (2005), there was no constitutional prohibition on those statements being binding in § 3582(c) sentence reduction proceedings. *See id.* at 824–27.

Here, Congress explicitly mandated in 3582(c)(1)(A)(i) that any reduction in a sentence be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §§ 3582(c)(1); *see* 944(t). Similar to *Dillon*, treating Section 1B1.13 as applicable to BOP and defendant-filed motions for sentence reductions is consistent with the "substantial role Congress gave the Commission with respect to sentence-modification proceedings." *Id. at* 826. Moreover, it is consistent with the "backdrop of existing law" in which Congress legislated. *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, 139 S. Ct. 1881, 1890 (2019) (citing *McQuiggin v. Perkins*, 569 U. S. 383, 398, n. 3 (2013)). Further, Congress presumably was aware of the Guidelines policy statement in effect at the time that it amended 3582(c)(1)(A)(i) and made no adjustment to the statute to avoid its application to defendant-filed motions. Therefore, there is "no reason to believe that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider." *United States v. York*, Nos. 3:11-CR-76; 3:12-CR-145, 2019 WL 3241166, at *4 (E.D. Tenn. July 18, 2019).

As discussed *supra*, the FSA permits inmates to file their own motions for compassionate release after exhausting administrative remedies, *see* First Step Act, § 603(b), 132 Stat. 5194, but nothing in the FSA altered the substantive criteria for compassionate release. The plain language and purpose of the exhaustion requirement in § 3582(c) require the movant to present the same basis for relief to the BOP and to the district court. Thus, the authority to establish criteria for early release remains solely with the Sentencing Commission, not the courts. The courts are merely asked

United States' Response to Defendant's Motion for Reduced Sentence- 11

to determine whether an inmate defendant has presented an "extraordinary and compelling reason" justifying early release under the criteria promulgated by the Sentencing Commission and BOP. 18 U.S.C. § 3582(c)(1)(A); USSG §1B1.13. A contrary holding would essentially give courts a discretionary power to release inmates even after the imposition of a congressionally-mandated minimum sentence; would eliminate the crucial finality of criminal sentences and thus deprive the criminal justice system "of much of its deterrent effect," *see Teague v. Lane*, 489 U.S. 288, 309 (1989), and would subsume § 3582(c)(2), under which the courts may reduce a sentence based on an amendment to the Guidelines only if the Sentencing Commission has made the amendment retroactive.

Notwithstanding the present outdated reference to BOP, § 1B1.13 remains an "applicable" policy statement. "Applicable" means "capable of being applied"; "fit and right to be applied; or "affecting or relating to a particular . . . situation." *Applicable,* BLACK'S LAW DICTIONARY (11th ed. 2019). Section 1B1.13 and the substantive provisions in its commentary remain "capable of being applied," "fit and right to be applied," and "affect or relate" to all compassionate-release motions, including those filed by defendants. Section 1B1.13's substantive provisions, commentary, and definitions are all consistent with Section 3582(c)(1)(A), as amended by the FSA, and the amended statute does not add any substantive-criteria distinctions based on who files the motion. Moreover, the FSA did not purport to expand the bases for compassionate release beyond the categories identified by the Commission in Application Note 1 of USSG § 1B1.13.

Notably, the Tenth and Fifth Circuit Court of Appeals have expressed disagreement with the rationale of *Brooker, McCoy, Gunn, and Jones*, and support the view that the policy statement remains binding regardless of the motion's filer.[3] *See*

---

[3] District courts, to include some in the Ninth Circuit, have also disagreed the rationale of *Brooker, McCoy, Gunn, and Jones*. *United States v. De Los Angeles*, No. 15-CR-

*United States v. Saldana,* 807 F. App'x 816, 820 (10th Cir. 2020) ("neither the §
1B1.13 commentary nor BOP Program Statement 5050.50 identify post-sentencing
developments in case law as an "extraordinary and compelling reason" warranting a
sentence reduction"); *United States v. Bell*, 823 F.App'x 283, 284 (5th Cir. 2020)
(compassionate release "unduly long" sentence "would not be consistent with the
policy statements set forth in § 1B1.13."); *see also United States v. Pinson*, 835
F.App'x 390, 395, n. 5 (10th Cir. 2020); *United States v. Sears*, 836 F.App'x 699 n.3
(10th Cir. 2020) ("None of the reasons the Sentencing Commission has identified as
justifying a sentence reduction under § 3582(c)(1)(A) includes legal error in a
defendant's sentence or post-sentencing developments in the case law"). These courts
properly read the "extraordinary and compelling reasons" language in §
3582(c)(1)(A)(i) as "an intentional congressional choice to give the authority to define
those reasons to the Sentencing Commission." *United States v. Brown*, No. 3:13-CR-
14-TAV-HBG-2, 2020 WL 3511584, at *5 (E.D. Tenn. June 29, 2020). Thus,
contrary to *Brooker*, the FSA simply "created a way for defendants to obtain
expedited judicial review of a compassionate release request; it does not follow . . .
that it changed the nature of that review." *Id.*

---

00213-ODW, 2021 WL 325634, at *2 (C.D. Cal. Feb. 1, 2021); *United States v.
Shields*, No. 12-cr-00410-BLF-1, 2019 WL 2359231, at *4 (N.D. Cal. June 4, 2019);
*United States v. Hussain*, No. 16-CR-00462-CRB-1, 2020 WL 5910065, at *1 (N.D.
Cal. Oct. 6, 2020); *United States v. Alonzo*, No. 4:13-CR-00013, 2021 WL 327571, at
*6 (E.D. Tex. Feb. 1, 2021); *Brown*, 2020 WL 3511584, at *5; *United States v.
Mollica*, No. 2:14-CR-329-KOB, 2020 WL 1914956, at *4 (N.D. Ala. Apr. 20, 2020);
*United States v. Neubert*, No. 1:07-cr-00166-SEB-KPF, 2020 WL 1285624, at *3
(S.D. Ind. Mar. 17, 2020); *United States v. Willingham*, No. CR113-010, 2019 WL
6733028, at *2 (S.D. Ga. Dec. 10, 2019); *United States v. Washington*, No. 5:13-020-
DCR, 2019 WL 6220984, at *2 (E.D. Ky. Nov. 21, 2019); *York*, 2019 WL 3241166,
at *4; *United States v. Lynn*, No. 89-72, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13,
2019).

**B.** **Even if this Court finds the Sentencing Commission's policy statement not binding, Defendant has not presented an "extraordinary and compelling" reason for a sentence reduction.**

**1.** **This Court's relief should still be consistent with the Sentencing Commission's policy statement, and Defendant does not meet any of its criteria.**

Even if this Court has the power to determine exceptional and compelling circumstances, the criteria considered should still be consistent with the Sentencing Commission's policy statement. Many district courts in the Ninth Circuit have taken this approach and consult the § 1B1.13 policy statement for guidance on what constitutes "extraordinary and compelling."[4] *See, e.g.*, *United States v. Eberhart*, 448 F.Supp.3d 1086, 1088 (N.D. Cal. 2020) (concluding that, "in the absence of controlling authority on the applicability of USSG § 1B1.13," the court would follow the guidance of the Sentencing Commission); *United States v. Gonzalez*, 451 F.Supp.3d 1194, 1197 (E.D. Wash. March 31, 2020) (recognizing that although USSG § 1B1.13 "has not yet been updated to reflect the procedural changes implemented by the First Step Act," courts nevertheless "universally turn[ ] to USSG § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction"); *United States v. Gross*, No. 2:04-CR-032-RMP, 2019 WL 3538967, at *2 (E.D. Wash. Aug. 2, 2019) (concluding that "the statutory language following incorporation of the First Step Act's amendments still requires that a Court

---

[4] Other district courts have also found the same. *See, e.g., United States v. York*, Nos. 3:11-CR-76; 3:12-CR-145, 2019 WL 3241166, at *4 (E.D. Tenn. July 18, 2019); *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *3 (S.D. Ind. May 9, 2019); *United States v. Casey*, No. 1:06CR00071, 2019 WL 1987311, at *1 (W.D. Va. May 6, 2019); *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 1472320, at *2 (D.N.M. April 3, 2019); *United States v. Overcash*, 3:15-cr-263-FDW-1, 2019 WL 1472104, at *2–3 (W.D.N.C. April 3, 2019).

find that . . . the [sentencing] reduction is 'consistent with the applicable policy statements issued by the Sentencing Commission'").

Further, the Ninth Circuit has also relied on USSG § 1B1.13 in prior cases involving appeals from defendant-initiated motions for compassionate release. *See United States v. Arceneaux*, 830 F. App'x 859, 859 (9th Cir. Dec. 8, 2020) (noting a "reduction must be consistent with the Sentencing Commission's policy statements" and holding district court did not abuse its discretion in light of the danger defendant posed to the community (quoting 18 U.S.C. § 3582(c)(1)(A))); s*ee also United States v. Dvorak*, 830 F. App'x 846, 847 (9th Cir. Dec. 8, 2020). In fact, the Seventh Circuit strongly encourages district courts to consider its guidance in order to avoid an abuse of discretion in an individual case and the development of an unpredictable and idiosyncratic release policy. *See Gunn*, 980 F.3d at 1180. The Seventh Circuit noted that "[t]he substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused." *Id.*

Defendant does not satisfy the "extraordinary and compelling" criteria in the Sentencing Commission's policy statement. Defendant is sixty years old, which is less than the sixty-five age requirement, and has not alleged he has a "terminal illness" or "a serious deterioration in physical or mental health because of the aging process." USSG § 1B1.13 cmt. n. 1(A), 1(B). Defendant seemingly suggests that his family ties warrant a sentence reduction because his children and ex-wife rely on prison wages and believe he has changed based on his actions while imprisoned. ECF No. 276, 11–17, 31–32. ("[Defendant] took a knitting class specifically to make gifts for his granddaughter . . . . [Defendant's] *knitting skills alone* are extraordinary and compelling.") (emphasis added). However, to the extent that Defendant relies on his family's situation as an extraordinary and compelling reason for release, it is not akin

to those family circumstances described as extraordinary and compelling by the Sentencing Commission. *See* § 1B1.13 Application n.1(C) (describing extraordinary and compelling family circumstances as the death or incapacitation of a defendant's minor child's caregiver or the incapacitation of the defendant's spouse or partner where the defendant would be the only available caregiver).

Defendant also suggests he entitled to a sentence reduction because of his extraordinary conduct in prison and "extraordinary rehabilitation." ECF No. 276, 8–10, 31–32. The United States acknowledges and commends Defendant's efforts to improve himself and overcome his drug addiction while incarcerated. However, rehabilitation alone is not a basis for compassionate release. *See* 28 U.S.C. § 994(t); *see also* USSG §1B1.13 n. 3. Defendant's rehabilitation combined with the other grounds he raises does not rise to the level of extraordinary and compelling, as contemplated by the statute and the policy statement.

> **2. Even assuming, *arguendo,* that this Court is willing to independently define "extraordinary and compelling circumstances," a statutory change Congress expressly made non-retroactive is not extraordinary and compelling reason warranting release.**

Defendant primarily argues his sentence should be reduced to time served because, if sentenced today, pursuant to the FSA's modifications to 21 U.S.C. §§ 841 and 851, three of his four prior drug convictions would not qualify as "serious drug felonies" and he would face a mandatory minimum of fifteen years instead of life imprisonment. ECF No. 276, at 4–8, 19–31. While Defendant is correct that he would not face the same statutory minimum if he were sentenced today, Congress's amendments to 21 U.S.C. §§ 841 and 851 are expressly non-retroactive and subsequent non-retroactive changes in sentencing law do not constitute extraordinary and compelling circumstances.

As part of the FSA, Congress changed the recidivist penalty structure for drug trafficking offenses. Section 401 of the FSA replaced the term "felony drug

conviction" with "serious drug felony" and limited the offenses that qualified for that mandatory sentence. *See* First Step Act, Pub. L. 115-391, 132 Stat. 5194, 5220. To be a "serious drug felony," the predicate offense must have a statutory maximum penalty of ten years or more. 18. U.S.C. § 924(e)(2)(A); 21 U.S.C § 802(57). Congress explicitly declined to make this amendment retroactive. *See* 132 Stat. at 5221 ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."). This language expressly limits the retroactive application of Section 401 to a class of prisoners that excludes Defendant. Defendant's sentence was imposed on August 18, 2004, long before the enactment of the FSA on December 21, 2018. *See* ECF 151. Therefore, it is clear Defendant is not entitled to relief under Section 401 of the FSA. *See United States v. Asuncion*, 974 F.3d 929, 934 (9th Cir. 2020) ("[A] sentence is 'imposed' when the district court pronounces the sentence . . . .").

Nevertheless, Defendant essentially seeks retroactive application of Section 401 of the FSA, which contravenes the intent of Congress, by arguing that this statutory change constitutes an extraordinary and compelling circumstance warranting a sentence reduction. However, "[a] change in sentencing law is not one of the enumerated bases in USSG § 1B1.13, and [courts] are not at liberty to identify [their] own extraordinary and compelling reasons." *United States v. Flores*, 2020 WL 5630263, at *2 (N.D. Cal. Sept. 21, 2020). Moreover, this factor, standing alone, is insufficient to justify a sentence reduction because Congress explicitly chose not the make the amendments applying to §§ 841 and 851 retroactive.[5]

---

[5] While the United States recognizes that courts are also split as to whether non-retroactive change in sentencing law can ever be an "extraordinary and compelling reason" warranting a sentence reduction, many courts have rejected such an argument, again to include district courts in the Ninth Circuit. *See, e.g.*, *United States v. Gonzalez*, No. 1:03-CR-5165 AWI-6, 2020 WL 6200163, at *3 (E.D. Cal. Oct. 22,

Congress determines "the temporal reach of statutes" and gives a statute "its intended [temporal] scope." *United States v. Andrews*, 480 F.Supp. 669, 680 (E.D. Pa. 2020). "[A] court only determines the retroactivity of a statute when 'the statute contains no express command' regarding retroactivity." *Id.* (quoting *Landgraf v. USI Film Prod.*, 511 U.S. 244, 273 (1994)). The FSA explicitly provides that it does not retroactively apply to Defendant, who committed his offense and was sentenced prior to the enactment of the Act. Congress clearly did not intend for the FSA to apply to defendants on a case-by-case basis who committed their offenses and were sentenced prior to its enactment. Further, the FSA's legislative history shows it was the result of legislative compromise and therefore "[i]nvocations of lofty ideals of criminal justice reform" should not override the plain text of the amendment, which explicitly provided Section 401 of the FSA was not retroactive. *Id.* at 680–81.

Defendant highlights that he has already served more time than other defendants in the district who were convicted of drug distribution charges and sentence to life imprisonment. ECF No. 276, at 20 ("It seems evident that the defendants in *Asuncion* and *Nichols* have served nowhere near the time Mr. Aguirre has (they are 2016 and 2017 cause numbers)."). However, this comparison to *Asuncion* precisely illustrates the problem with finding a change in sentencing law to be "extraordinary and compelling." The Ninth Circuit held Asuncion was ineligible

---

2020) (§ 401 of the First Step Act, lowering the mandatory minimum for drug offenses, is not retroactive, and therefore cannot be a basis of compassionate release); *United States v. Johnson,* No. CR 2:08-374, 2021 WL 409830, at *6–7 (W.D. Pa. Feb. 5, 2021); *United States v. Hyppolite*, No. 2:11-CR-97-FTM-29NPM, 2020 WL 6817539, at *3 (M.D. Fla. Nov. 20, 2020); *United States v. Ogata*, No. CR 12-00190 HG-01, 2020 WL 5579546, at *6 (D. Haw. Sept. 17, 2020); *United States v. Fuqua*, No. 115CR00080JMSDML, 2020 WL 5423919, at *3 (S.D. Ind. Sept. 10, 2020); *United States v. Tovar*, No. 3:12-CR-31-5, 2020 WL 3578579, at *3–4 (D.N.D. July 1, 2020); *United States v. Crutcher*, No. 3:03-CR-00205-10, 2020 WL 4904828, at *4 (M.D. Tenn. Aug. 20, 2020).

for resentencing under section 401 because his sentence was imposed in May 2018, months prior to the enactment of the FSA. *Asuncion*, 974 F.3d at 934. The Ninth Circuit concluded Asuncion was "not entitled to be resentenced according to [the FSA's] reforms" and noted this "conclusion . . . follow[ed] inescapably from the statute's text." *Id.* Defendant is in the same position as Asuncion, seeking the same relief, and proffering the same bases for such relief in direct contravention of the statute but through a different jurisdictional avenue. "[I]t would [be inappropriate] to deny other defendants a sentence reduction under Section 401 because their sentence was imposed prior to the date of enactment and yet grant defendant a sentence reduction based on Section 401's modifications under § 3582(c)(1)." *Tovar*, 2020 WL 3578579, at *4 (quoting *United States v. Ryerson*, No. 3:09-CR-66-TAV-CCS-1, 2020 WL 3259530, at *8 (E.D. Tenn. June 16, 2020)).  *See also United States v. Manglona*, 2021 WL 211537, at *3 (W.D. Wash. Jan. 21, 2021) ("compassionate release procedure is not a tool to simply correct a sentence because the original sentence appears too long . . . [the defendant's] mandatory minimum sentence is not an extraordinary or compelling reason under the law.").

Likewise, in *United States v. Gatewood*, 807 F.App'x 459, (6th Cir. 2020), the Sixth Circuit upheld the defendant's prison term who was sentenced approximately one month before the enactment of the FSA. While the court recognized the defendant's sentence would have been substantially lower if imposed after the FSA's effective date, it held "that disparity does not amount to an Eighth Amendment violation." *Id.* at 463. The court noted that "disparities in sentences 'will exist *whenever* Congress enacts a new law changing sentences,'" *id.* (quoting *Dorsey v. United States*, 567 U.S. 260, 280 (2012)), and that "[w]ithholding the benefits of a change from previously sentenced defendants . . . is the general practice in federal sentencing" *Id.* at 463–64 (quoting *United States v. Blewett*, 746 F.3d 647, 660 (6th Cir. 2020)). Although these courts were not deciding the precise issue presented here,

they strongly suggest changes in federal sentencing law which do not benefit all defendants is a common practice.

Given the numerous changes in federal sentencing law, there are likely many others currently serving sentences that are longer than would be imposed under current law. For example, Defendant is in a similar position as those whose sentences were imposed under the mandatory guidelines because *Booker* was held to be non-retroactive on collateral review. *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005). Defendant is in a similar position as those who did not get the benefit of other recent guideline or statutory amendments, including other significant changes adopted in the FSA itself, as any change to criminal penalties is presumed non-retroactive unless Congress expressly provides otherwise. *See Dorsey* 567 U.S. at 272. Simply put, a change in sentencing law impacts all defendants sentenced under the previous law and therefore the Defendant's situation is not extraordinary and compelling.

C. **If this court finds "extraordinary and compelling" circumstances exist, a review of the § 3553(a) factors weigh against Defendant's release.**

This court's consideration of the 18 U.S.C. § 3553(a) factors is only triggered upon a finding of an extraordinary and compelling circumstance warranting a reduction, and defendant has failed to establish such circumstance. However, a review of the § 3553(a) factors weigh against Defendant's release for time served.

At the time of the instant offenses, Defendant was in his early forties and a career offender with a Guideline range of 360 months to life. *See* PSIR ¶¶ 62, 94, 125. Just between 1991 and 2002, Defendant stacked up four felony convictions for drug possession, possession with the intent to distribute, and sale of a controlled substance. *See* PSIR ¶¶ 66–93. His felonious criminal history involved methamphetamine, the very same controlled substance that he would go on to manufacture and distribute in the instant offenses. *See, e.g.*, PSIR ¶ 75. This suggests both that defendant may pose

a danger to the safety of the community if he were to be released and that he may also be likely to reoffend.

Undeterred by his previous drug convictions, Defendant set up a clandestine laboratory in his residence to manufacture methamphetamine. While Defendant accurately notes his convictions did not involve violence or firearms, his offense conduct nevertheless endangered others and his crimes were not victimless. Defendant was convicted of endangering human life while illegally manufacturing a controlled substance, in violation of 21 U.S.C. § 858. Defendant was manufacturing methamphetamine in the same residence occupied by his girlfriend and her two young girls, approximately eight and ten years old, and four-year old son. PSIR ¶ ¶ 27–28. Further, the residence was deemed uninhabitable due to the chemicals located in the residence until it was eventually decontaminated. PSIR ¶ 38. Defendant was not the owner of this residence. *Id.* Defendant alleges his age, family ties, conduct in prison, and residence in Mexico all weigh in favor of a sentence reduction, but these claims do little to assure this Court that Defendant will not return to the United States and once again endanger the community.

**VII.    Conclusion**

Based on the foregoing, the United States respectfully submits the Defendant has not proven an extraordinary and compelling reason justifying early termination of his sentence, and thus his motion should be denied.

DATED:  March 18, 2021.

Joseph H. Harrington
Acting United States Attorney

*s/ Alison L. Gregoire*
Alison L. Gregoire
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2021, I electronically filed the foregoing with the Clerk of the Court and counsel of record using the CM/ECF System.

*s/ Alison L. Gregoire*
Alison L. Gregoire
Assistant United States Attorney